UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANDREW M. SELLERY,    ) | |
|                      ) | No. CV-10-322-JPH |
|     Plaintiff,       ) | |
|                      ) | ORDER GRANTING DEFENDANT'S |
| v.                   ) | MOTION FOR SUMMARY JUDGMENT |
|                      ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security,  ) | |
|                      ) | |
|     Defendant.       ) | |
|                      ) | |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on October 21, 2011 (ECF No. 10, 14). Attorney Maureen J. Rosette represents plaintiff; Special Assistant United States Attorney Debra Meachum represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge (ECF No. 4). On September 19, 2011, plaintiff filed a reply (ECF No. 16). After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** defendant's motion for summary judgment (E**CF No. 14**) and **DENIES** plaintiff's motion for summary judgment (E**CF No. 10**).

**JURISDICTION**

Plaintiff filed concurrent applications for supplemental security income (SSI) and disability insurance income (DIB) on October 6, 2008, alleging disability as of December 1, 2001, due to mental and physical limitations (Tr. 135-144). His applications

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
- 1 -

were denied initially and on reconsideration (Tr. 85-88, 90-93).

Administrative Law Judge (ALJ) Moira Ausems held a hearing November 23, 2009. Plaintiff, represented by counsel, and a vocational expert testified (Tr. 43-80). At the hearing plaintiff amended the onset date to December 11, 2006 (Tr. 44). On February 26, 2010, the ALJ issued an unfavorable decision (Tr. 19-36). The Appeals Council accepted additional evidence and denied review on July 27, 2010 (Tr. 1-4). The ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on September 21, 2010 (ECF No. 1).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcripts, the ALJ's decision, the briefs of both parties, and are summarized here where necessary.

Mr. Sellery was 30 years old on the amended onset date and 33 on the date of the ALJ's decision (Tr. 156). He is a high school graduate and completed a year of college (Tr. 46). He has worked as a machinist, shipping and receiving clerk, driver, truck driver, telephone solicitor, house cleaner, and machine operator (Tr. 75-76, 171). He sustained a serious closed head injury in 2001 as well as a back injury in December 2006. He worked in 2003-2006 and briefly in 2008 (Tr. 44, 46, 49-54). In August 2008 he quit drinking (Tr. 65). Plaintiff suffers from depression, confusion, and problems with memory and concentration. He suffers a lot of anxiety and becomes "easily stressed" due to post-traumatic stress disorder (PTSD). Movement causes pain in his

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

legs, arms, neck, and back. His left hand is frequently numb. He experiences headaches constantly, dizziness occasionally, and sleep problems. His last job in event security required constant standing. He quit because of back pain. (Tr. 46, 54-55, 57-58, 62, 70-71, 73). Plaintiff does not take any pain medication (Tr. 57).

At the time of the hearing Mr. Sellery was divorced and living with a friend temporarily (Tr. 59-60). He watches television "a lot," does a little vacuuming once in a while, and can only sit for 30 minutes (Tr. 64, 66-67).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.

20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*,

1  482 U.S. 137 (1987).

2  The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d

573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

### ALJ'S FINDINGS

At the outset the ALJ found plaintiff was insured for DIB purposes through March 31, 2011 (Tr. 19, 21). At step one she

found plaintiff did not engage in substantial gainful activity after the amended onset date, December 11, 2006, because his work in 2008 was at less than SGA levels (Tr. 21). At steps two and three, ALJ Ausems found plaintiff suffers from the medically determinable impairments of history of traumatic brain injury in 2001, lumbarسprain, adjustment disorder with anxiety and depressed mood, and alcohol abuse (DAA) in reported remission, but they do not alone or in combination meet or equal the severity of a Listed impairment (Tr. 21-22). She found plaintiff less than completely credible and assessed an RFC for a range of light work (Tr. 23-24). At step four, relying on the VE, she found Mr. Sellery can perform his past relevant work as a housekeeper (Tr. 34). The ALJ asked the VE an alternative hypothetical with additional limitations. Based on the VE's response, at step five the ALJ alternatively found that there are other jobs plaintiff could do, such as small products assembler, fishing reel assembler, and document preparer (Tr. 35-36). The ALJ found plaintiff was not disabled as defined by the Social Security Act from the amended onset date through the date of the decision (Tr. 35).

**ISSUES**

Plaintiff alleges the ALJ erred when she weighed the opinion evidence and at step four. He alleges the additional evidence admitted by the Appeals Council warrants remand for benefits (EFC No. 11 at 10-18). The Commissioner responds first that the Court should affirm the decision because it is supported by the evidence and free of error; and second, remand is unnecessary because

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

plaintiff fails to show the new evidence submitted to the Appeals Council is material (ECF No. 15 at 10-19).

## DISCUSSION

**A. Standards for weighing opinion evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the Ultimate issue of disability." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 99th Cir. 1995). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions

are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

**B. Psychological limitations**

Plaintiff alleges the ALJ failed to properly weigh the opinions of four examining professionals: (1) psychiatrist Robert Baxley, M.D., on June 18, 2007; (2) neuropsychologist Allen Bostwick, Ph.D., on November 21, 2007; (3) psychologist Joyce Everhart, Ph.D., on November 20, 2008; and (4) psychologist Dennis Pollack, Ph.D., on November 12, 2009 (ECF No. 11 at 10-16).

The ALJ notes psychiatrist Dr. Baxley evaluated plaintiff in June 2007, for Labor and Industries after Mr. Sellery injured his back on December 1, 2006. He was taking tylenol as needed for back pain. Plaintiff's recent and remote memory were intact. Dr. Baxley opined plaintiff did not have a mental health impairment related to his back injury. No treatment was recommended. He opined

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

plaintiff's GAF was 60, indicating moderate symptoms or difficulty functioning (Tr. 25, Tr. 352-360).

Next, the ALJ observes Dr. Bostwick evaluated plaintiff in November 2007 for the Division of Vocational Rehabilitation (DVR). Plaintiff was not taking any psychotropic medication. Zoloft had been prescribed but was not covered by DSHS. Plaintiff presented as "very socially appropriate," said he has always been a "people person," and he drinks occasionally. Plaintiff was studying software development in a two year college program that he began four months before the evaluation. Dr. Bostwick opined plaintiff did not present with a primary psychiatric disorder that would account for his pattern of neurobehavioral deficits (Tr. 398). He diagnosed dementia due to head trauma, with generally mild neurobehavioral residuals involving higher-cortical and sub-cortical abilities, and generalized anxiety disorder, generally situational but with a chronic course. He opined plaintiff's GAF was 60-65, indicating mild to moderate symptoms or difficulty functioning (Tr. 399). Interestingly, plaintiff's activities including cutting wood, taking out trash, using the computer, driving, and playing golf (Tr. 25-26; 380-401).

Third, the ALJ considered and gave considerable weight to Dr. Everhart's November 2008 opinion (Tr. 26-27, 32, 513-520). She diagnosed, in part, malingering. Dr. Everhart opined plaintiff's GAF was 65, indicating only mild symptoms or functional difficulties (Tr. 519). The ALJ incorporated Dr. Everhart's assessed limitations in the RFC.

Finally, the ALJ considered Dr. Pollack's contradicted November 2009 opinion (Tr. 27, 576-585). He assessed two marked

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
- 10 -

and one moderate limitation in plaintiff's ability to perform basic work functions, and a GAF of 55 (Tr. 581, 583). He believed a more complete neuropsychological evaluation would be useful (Tr. 585). The ALJ rejected Dr. Pollack's opinion because it is internally inconsistent. He assessed two marked limitations but opined overall functioning is moderate. The ALJ notes Dr. Pollack's testing suggests exaggerated symptoms, further contradicting the existence of marked limitations (Tr. 33). Internal inconsistencies may be considered by an ALJ when weighing a report, *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999), and it is the ALJ's responsibility to resolve conflicts and ambiguities. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). An ALJ need not accept the opinion of any physician if that opinion is brief, conclusory, and inadequately supported by clinical findings. *Thomas*, 278 F.3d at 957 (citation omitted). The ALJ's reasons for rejecting some of Dr. Pollack's opinions are specific, legitimate and supported by substantial evidence. *See Lester*, 81 F.3d at 830-831.

**C. Credibility**

Plaintiff does not challenge the ALJ's adverse credibility finding. To aid in weighing the conflicting evidence, the ALJ evaluated plaintiff's credibility and found him less than fully credible (Tr. 24). Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility

determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

"General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

As indicated, Dr. Everhart diagnosed malingering based on plaintiff's results on several tests (Tr. 519). Nonetheless, the ALJ's reasons are clear and convincing. She noted plaintiff was able to work for several years after his traumatic brain injury, and to drive, activities inconsistent with allegedly disabling impairments. He testified he has daily headaches but told Dr. Bostwick he suffers 3 per month. Medication was effective in controlling anxiety in 2005, 2007, and 2009, yet plaintiff failed to obtain mental health treatment on a regular basis and did not take prescribed psychotropic medication regularly. Nor did he take medication for allegedly disabling pain. Claimed problems with concentration and memory are refuted by objective testing. (Tr. 24-25, 27).

Each is clear, convincing and supported by substantial

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

evidence. *See e.g., Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002)(proper factors include inconsistent statements, inconsistencies between statements and conduct, and extent of daily activities). Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits. *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor the ALJ can consider when analyzing credibility. Noncompliance with medical care or unexplained or inadequately explained reasons for failing to seek medical treatment cast doubt on a claimant's subjective complaints. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

The ALJ's reasons are clear convincing, and fully supported by the record. *See Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).

The ALJ considered plaintiff's credibility when she assessed the conflicting evidence. The ALJ is responsible for resolving conflicts and ambiguity in medical evidence. *See Lewis v. Apfel*, 236 F.3d 503, 509 (9th Cir. 2001). She has done so. The Court may not substitute its judgment for the ALJ's resolution of the conflicting evidence. *See Reddick v. Chater*, 157 F.3d 715, 720-721 (9th Cir. 1998).

The record fully supports the weight the ALJ gave the conflicting evidence of psychological limitation.

**D. Physical impairment**

Plaintiff alleges the ALJ erred by partially crediting the May 30, 2007, opinion of physical therapist Julianne Alford, MHA,

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

- 13 -

PT, that plaintiff is capable of medium work. He asserts she is not an acceptable source. The court should instead credit the new evidence submitted to the Appeals Council, an opinion dated February 25, 2010 [the day before the ALJ's decision] by evaluating orthopedic doctor William Shanks, M.D., -- an acceptable source. Plaintiff asks the Court to remand for an award of benefits based on Dr. Shanks's opinion (ECF No. 11 at 16-18). The Commissioner responds that the ALJ properly weighed the evidence of both physical and psychological limitation and the new evidence is not material (ECF No. 15 at 16, 18-19).

Plaintiff is correct Dr. Shanks is an acceptable source and his opinion encompassed the period before the ALJ's decision. He is also correct that the Appeals Council found the new evidence did not provide a basis for changing the ALJ's decision.

Citing *Mayes v. Massanari*, 276 F.3d 453, 462-464 (9th Cir. 2001), the Commissioner answers that on review the Court must determine whether the evidence is new and material (ECF No. 15 at 18-19). *See also* 42 U.S.C. § 405(g). The Commissioner asserts the orthopedic doctor's opinion, that plaintiff's impairments would affect his ability to perform sedentary work and he did not appear capable of employment, is not material because it is extreme, inconsistent with the evidence before the ALJ, and would not have changed her opinion. The Commissioner notes the ultimate issue of disability is reserved for the Commissioner (ECF No. 15 at 19).

To be material, the new evidence must bear directly and substantially on the matter in dispute, and a claimant must show a reasonable probability that the new evidence would have changed the outcome of the hearing if the ALJ had the new evidence. *See*

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

- 14 -

*Mayes*, 276 F.3d at 462.

In the Court's view plaintiff fails to meet his burden of showing there is a reasonable probability that the new evidence would have changed the outcome. While the physical therapist is not an acceptable source, the ALJ found plaintiff *more* limited than the therapist. The assessed RFC is consistent with the medical record as a whole, including plaintiff's wide range of physical and mental activities, as well as objective test results, including MRI's of plaintiff's spine that show he suffers no condition warranting surgery. Conservative treatment has been recommended throughout the record.

Dr. Shanks opines plaintiff "cannot sit long enough to type for any length of time," an opinion contradicted by plaintiff's reported activities including playing video games, taking college courses in computer work, and "loving" to drive. Perhaps more significant, Dr. Shanks opines plaintiff's "major problem is from the residuals of his head injury, which causes the balance and incoordination [sic] problems" (Tr. 593). The record contradicts his opinion. Plaintiff worked, as much as ten hours a day in 2006, years after his head injury. There is no reasonable possibility the new evidence would have changed the outcome of the hearing. *See Mayes*, 276 F.3d at 462. Finally, plaintiff does not show good cause for failing to obtain the evidence earlier so the ALJ could have considered it before issuing her decision.

Remand is not required because plaintiff fails to show the evidence is material, and he does not show good cause for failing to obtain it earlier.

///

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

**E. Step four**

Plaintiff asserts the ALJ erred when she assessed his residual functional capacity (ECF No. 11 at 10). At step four, plaintiff has the burden of proving he cannot perform any past relevant work. When he alleges the RFC was in error, plaintiff simply restates his argument that the ALJ improperly weighed the evidence. As discussed above, the Court concludes the ALJ properly weighed the opinion and other evidence. Plaintiff fails to show the ALJ erred at step four. *See Stubbs-Danielson v. Astrue*, 529 F.3d 1169, 1175-1176 (9th Cir. 2008).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson v. Perales*, 402 U.S. 389, 400 (1971).

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this Court finds the ALJ's decision is free of legal error and supported by substantial evidence.
Accordingly,

**IT IS ORDERED:**

1. Defendant's motion for summary judgment **(ECF No. 14)** is **GRANTED.**

2. Plaintiff's motion for summary judgment **(ECF No. 10)** is **DENIED.**

The District Court Executive is directed to file this Order, provide copies to counsel for plaintiff and defendant, enter judgment in favor of defendant, and **CLOSE** this file.

DATED this 17th day of October, 2011.

```
                              s/ James P. Hutton

                           JAMES P. HUTTON
                      UNITED STATES MAGISTRATE JUDGE
```

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

- 17 -